IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON PATRICK LINK | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-819 |
| | ) | District Judge Cathy Bissoon/ |
| TODD A. ADAMSKI, LIBERTY | ) | Chief Magistrate Judge Maureen P. Kelly |
| TRANSPORTATION, INC., JOSEPH | ) | |
| HUTH, MARC PALLA, and | ) | |
| LANDMARK LEASING, INC., | ) | Re: ECF No. 40 |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Brandon Patrick Link ("Plaintiff") brings this civil rights action against Defendants Officer Todd A. Adamski, Liberty Transportation, Inc., Joseph Huth, Marc Palla, and Landmark Leasing, Inc., following Plaintiff's allegedly unlawful arrest relative to a missing truck that he had leased from Landmark Leasing, Inc. as part of his employment with Liberty Transportation, Inc. Presently before the Court is Plaintiff's Motion to Recuse Magistrate Judge Maureen P. Kelly. ECF No. 40. For the reasons that follow, the Motion will be denied.

Section 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry under section 455(a) is 'whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias.'" Pondexter v. Allegheny Cnty. Hous. Auth., 2012 WL 1621370, at *2 (W.D. Pa. May 9, 2012), *quoting* United States v. Pungitore, 2003 WL 22657087, at *4 (E.D. Pa. Oct. 24, 2003), *quoting* Securities and Exchange Comm'n v. Antar, 71 F.3d 97, 101 (3d Cir.1995), *overruled on other grounds by* Smith v. Berg, 247 F.3d 532, 534 (3d Cir. 2001). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias." In re Prudential Ins. Co. Am. Sales

Practices Litig, 148 F.3d 283, 343 (3d Cir. 1998). A judge, however, is presumed to be impartial and thus the party seeking disqualification has a substantial burden and must assert "objective facts" that demonstrate "an appearance of impropriety." Phillips v. James, 2014 WL 1652914, at *4-5 (W.D. Pa. Apr. 23, 2014), *quoting* United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989). See Pondexter v. Allegheny Cnty. Hous. Auth., 2012 WL 1621370, at *2. The test is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. In re Prudential Ins. Co. Am. Sales Practices Litgit., 148 F.3d at 343. See Liteky v. United States, 510 U.S. 540, 548 (1994).

It is, however, "'vital to the integrity of the system of justice that a judge not recuse [herself] on unsupported, irrational or highly tenuous speculation.'" Pondexter v. Allegheny Cnty. Hous. Auth., 2012 WL 1621370, at *2, *quoting* McCann v. Commc'n. Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991). Thus, "the judge has an 'affirmative duty not to recuse [herself] if the movant fails to establish a reasonable doubt concerning [her] impartiality.'" Id., *quoting* Grand Entertainment Group Ltd. v. Arazy, 676 F. Supp. 616, 619 (E.D. Pa. 1987). Furthermore, "when proceedings are brought under 28 U.S.C. § 455(a), a judge need not accept as true the motion's factual allegations, but may contradict them with facts drawn from [her] own personal knowledge." Id. *quoting* Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 872 F. Supp. 1346, 1349 (E.D. Pa. 1994).

Here, Plaintiff seeks my recusal because he and I are "engaged in a Judicial Conduct complaint," which Plaintiff contends creates a "conflict of interest" that would render it unfair for me to oversee this case. ECF No. 40, p. 2. As any number of courts have held, however,

> "the mere filing of a complaint of judicial misconduct is not grounds for recusal, since it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct." Def.'s Opp. Br. 5 (citing *Prall v. Bocchini,* No.

2

> 10–1228, 2011 WL 3651345 at *3 (D.N.J. Aug. 19, 2011) (citing *Ginsberg v. Evergreen Sec., Ltd.,* 570 F.3d 1257, 1265 (11th Cir. 2009)); *see also United States v. Moskovits,* No. 87–284–1, 1994 WL 583179 (E.D. Pa. Oct. 26, 1994) (holding that no personal bias per se arises upon the mere filing of a Judicial Council complaint in part because "[i]f the simple act of filing a complaint, even one which would later prove meritless, would necessitate the recusal of the judge who was the subject of the complaint, litigants would have free reign to wantonly require the recusal of judges at will").

McHale v. Kelly, 2012 WL 6088178, at *2 (D.N.J. Dec. 6, 2012). See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (finding that there was no basis to warrant the District Court Judge's recusal under 28 U.S.C. § 455(a) based on an alleged conflict of interest notwithstanding the fact that the plaintiff had a lawsuit pending in which the District Judge was a named defendant); Tilli v. Ford, 2013 WL 5410957, at *2 (E.D. Pa. Sept. 24, 2013) ("the mere fact that Plaintiff had at one time filed a complaint against me is not sufficient to establish that recusal is warranted"). See also In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007) (the district court judge did not abuse his discretion in denying Bush's motion for recusal which was based on the fact that Bush had sued the judge); In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) ("a per se rule of disqualification [under § 455(a)] would allow litigants to judge shop by filing a suit against the presiding judge); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (a judge is not disqualified by a litigant's suit or threatened suit against him). As such, the fact that Plaintiff has filed a Complaint of Judicial Misconduct against me does not provide the basis for recusal.[1]

---

[1] The Court also notes that to the extent Plaintiff is disgruntled because I have made rulings unfavorable to Plaintiff in prior lawsuits, see C.A. No. 13-1021 and C.A. No. 13-1126, it is well established that "a prior adverse ruling by a judge . . . does not serve to show the bias necessary for disqualification under 28 U.S.C. § 455(a)." Toolasprashad v. Wright, 2006 WL 2264885, at *7-8 (D.N.J. Aug. 8, 2006), aff'd, 232 F. App'x 208 (3d Cir. 2007). See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (holding that a "party's displeasure with legal rulings does not form an adequate basis for recusal"); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) ("[d]isagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal"). Moreover, in C.A. No. 13-1021, District Judge Cathy Bissoon, who presided over that matter -- as she does here -- dismissed the case before my Report and Recommendation was ruled upon pursuant to *Plaintiff's* subsequently filed Motion to Dismiss. See ECF Nos. 70, 71. In C.A. No. 13-1126, over which I presided with Plaintiff's consent, see ECF No. 18, Plaintiff also filed a Motion to Voluntarily

Accordingly, the following Order is entered:

**<u>ORDER</u>**

AND NOW, this 22nd day of July, 2015, IT IS HEREBY ORDERED that Plaintiff's Motion to Recuse Magistrate Judge Maureen P. Kelly, ECF No. 40, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Brandon Patrick Link
3838 Firecrest Dr.
Charlotte, NC 28217

8823 Kestral Ridge Drive
Charlotte, NC 28269

All counsel of record via CM/ECF

---

Dismiss the suit so he could pursue his claims in North Carolina. ECF No. 57. Although Defendants objected to Plaintiff's Motion to Dismiss, and sought to have it stricken because my Opinion granting Defendants' Motions to Dismiss had already been filed and the case closed, I nevertheless granted Plaintiff's request to dismiss the case. See ECF Nos. 57, 60.